AMERICAN SURETY COMPANY *v.* KEA, solicitor-general.

No. 6643. FEBRUARY 28, 1929.

*Jones, Evins, Moore & Powers,* for plaintiff in error.

*J. S. Adams* and *Alexander, Hardwick & McLarty,* contra.

HILL, J. Under the Civil Code (1910), § 1187, the comptroller-general of the State has authority to issue executions against defaulting tax-collectors and their sureties, for the principal amount, with interest at the rate of 20 per cent. per annum on said amount; provided, that if upon a final settlement it should appear that the tax-collector was entitled to credits at the time he is required by law to settle, the comptroller-general may allow the same, and charge

such interest only on the amount for which the collector is in default, together with all the costs and attorney's fees incurred by reason of the issuance of said execution. Under § 238, par. 10, it is the duty of the comptroller-general to notify the solicitor-general, or any other attorney, in his discretion, of all executions against defaulting tax-collectors, and require of them annually a report of the state or condition of such executions prior to the session of each General Assembly. Under § 328 the fees of the solicitors-general of the several circuits shall be five per cent. for plain collections for the State; but "for litigated collections for the State, 10 per cent." Under § 2559, whenever any loss insured against occurs, the insured, in order to secure his recovery, may give notice to the State treasurer of the pendency of the loss and of the amount claimed, after which time the State treasurer shall be bound to retain, subject to the order of the court trying any suit that may be brought for the recovery of such loss, a sufficient amount to pay the judgment in the case, in the event of recovery. When the suit is ended, and the amount ascertained for which the party sued may be liable is not paid in ten days, then the plaintiff may file an application with the judge of the superior court of the county where the case was tried, for a receiver to take charge of so many bonds as shall be necessary to satisfy the judgment, etc.

By the act of 1915 (Ga. L. 1915, p. 55) provision is made whereby a tax-collector, or any surety on his official bond, shall have the right, at any time after the issuance of an execution against him and before a sale thereunder, to file an affidavit of illegality to the execution, which shall state all matters of defense which would be available in denial either of the alleged default or the amount thereof as stated in the execution; which affidavit of illegality shall be returned to and be tried in the superior court of the county in which the tax-collector holds office, in the same manner as provided by law for the trial and disposition of such issues. Under this act the tax-collector and the surety on his official bond are provided with due process of law, so that they can make denial either of the alleged default or the amount thereof as stated in the execution. *McWhorter* v. *Chattooga County,* 154 *Ga.* 289 (114 S. E. 203). The evidence in this case shows that the default was paid by the surety after there had been litigation growing out of the levy of the execution and the filing of an affidavit of illegality thereto by the defaulting tax-collector.

Construing together the foregoing code sections in connection with the act of 1915 and the pleadings and evidence in this case, the solicitor-general, who represented the comptroller-general of the State, must look to the comptroller-general for his fees to come out of the 20 per cent. interest as a penalty collected against the tax-collector and his surety, as his compensation for such services. The trial court erred in holding that the surety on the bond of the tax-collector (who was shown to be insolvent) was liable for the attorney's fees of the solicitor-general who represented the State in the litigation, in addition to the principal and 20 per cent. interest as a penalty and costs of suit.

*Judgment reversed. All the Justices concur.*